(No. 74-CV-35—

KATHLEEN FOX, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 1, 1975.*

KATHLEEN FOX, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on January 5, 1974, at the Elevated Station at Roscoe and Southport Streets, in Chicago, Illinois. Kathleen Fox seeks payment of compensation pursuant

to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat. 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant, Kathleen Fox, age 26, was a victim of a violent crime as defined in §2(c) of the Act, to wit:

"Aggravated Battery". *(Ill. Rev. Stat., 1973, Ch. 38, §12-4).*

2. That on January 5, 1973, at approximately 1:00 a.m., the claimant walked into the Elevated Station at Roscoe and Southport, Chicago, Illinois. There she was accosted by several males who beat and robbed her. The claimant was found lying unconscious in a pool of blood by Edwin Pennington, of 1332 West Eddy, an off-duty patrolman, who had just gotten off the northbound train and observed the claimant lying on the ground severely beaten. He immediately contacted the Chicago Police Department. Beat 1912, Officers L. Blair, Star No. 2991 and T. Kuroski, Star No. 15313 responded to the call. A police wagon transported the claimant to St. Joseph's Hospital. Upon entering the hospital, the claimant was diagnosed to be in a comatose state with multiple facial lacerations and nasal fracture. She was placed in intensive care and remained in a critical condition for ten days.

A further and more detailed summary of the facts and information considered by the Court is contained in

the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon her.

4. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance by viewing suspect photos. That claimant was unable to make an identification of her assailant and that no arrests have been made in connection with this criminal offense.

5. That the claimant and her assailant were not related nor sharing the same household.

6. That claimant seeks compensation under the Act for medical expenses and lost wages.

7. That claimant was unable to work from January 5, 1974, until May 15, 1974. That claimant was employed as a waitress at Pearson's Restaurant in Chicago where she earned $540.00 per month before her injury.

That in considering the loss of earnings, the court may not award more than $500 per month. Based upon this maximum, the claimant has sustained $2,250 in compensable lost earnings.

8. That the claimant was hospitalized twice, January 5, to January 22, 1974, and February 24, to February 25, 1974. That the Illinois Public Aid Department through its Aid to the Medically Indigent Program assumed all of the hospital expenses except $66.40.

9. That the claimant incurred medical expenses by surgeons and physicians in the amount of $1,780.

10. That in addition to loss of earnings and hospital and medical expenses, the claimant made four round trips from her home in Decatur to medical specialists in Chicago. In connection with these appointments, she incurred $173.50 of expenses which this Court considers to be appropriate medical expenses.

11. That based upon the calculations set forth in §7, 8, 9 and 10, claimant's actual pecuniary loss is:

| | |
|---|---:|
| Hospital | $ 66.40 |
| Medical | 1,780.00 |
| Loss of Earnings | 2,250.00 |
| Miscellaneous | 173.50 |
| | $4,269.90 |

12. That the claimant has received no benefits or reimbursements, directly or indirectly, from any other source, nor is she entitled to such benefits from any other source as the result of her injuries, with the exception of Public Aid benefits referred to in ¶8. These Public Aid benefits have been set off against the expenses that the claimant incurred. The calculation of pecuniary loss is based upon expenses that the claimant has incurred which are in excess of the Public Aid assistance.

13. That in determining the amount of compensation to which the applicant is entitled, the Act states that this Court shall deduct $200.

That after the statutory deduction of $200.00, the amount of compensation to which the claimant is entitled is $4,069.90.

It Is HEREBY ORDERED that the sum of $4,069.90 be awarded the claimant, Kathleen Fox, the victim of a violent crime.

It Is Further Ordered that the sum of $999.99 (Nine Hundred Ninety-Nine Dollars and Ninety-Nine Cents) be paid immediately from the Court of Claims Fund to Kathleen Fox, as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $3,069.91 be referred forthwith to the General Assembly for its approval.